# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6823 | **DATE** | January 10, 2008 |
| **CASE TITLE** | Bibiano Favela (#2007-0012103) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Bibiano Favela's motion for leave to file his complaint *in forma pauperis* is granted. [3] The Court authorizes the Cook County Jail trust fund account officer to deduct, as an initial partial payment of the filing fee, $20.00 from plaintiff's account, and to continue making deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Cook County Jail. Plaintiff may proceed with his claims against defendants Cook County Sheriff Thomas J. Dart, Officer Galvez, Sergeant Ferris, C, Plaxico, Lieutenant Martinez, and Lieutenant Dominguez. The clerk shall issue summonses for these defendants, and the United States Marshals Service is appointed to serve them. The Cook County Jail Disciplinary Division 9 Board is not a suable party, and is dismissed as a defendant to this action. *See Castillo v. Cook County Jail*, 990 F.2d 304, 307 (7th Cir. 1993). Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Bibiano Favela (#2007-0012103), currently in custody at Cook County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Cook County Sheriff Thomas J. Dart, Officer Galvez, Sergeant Ferris, C. Plaxico, Cook County Disciplinary Board Division 9, Lieutenant Martinez, and Lieutenant Dominguez. Plaintiff argues that he was disciplined and placed in segregation in violation of his due process rights.

    The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $20.00. The supervisor of inmate trust accounts at Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.

**(CONTINUED)**

    isk

**STATEMENT (continued)**

     Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed with his claims against Cook County Sheriff Thomas Dart, Officer Galvez, Sergeant Ferris, C. Plaxico, Lieutenant Martinez, and Lieutenant Dominguez. Although plaintiff does not indicate how each defendant was involved, he states that he was placed in disciplinary segregation for 25 days without due process in September 2007 at Cook County Jail, which sufficiently states a claim for relief. *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004) (under the notice pleading requirement Fed. R. Civ. P. 8(a), a plaintiff need only sufficiently state a valid claim and provide some indication of time and place); *Rapier v. Harris*, 172 F.3d 999, 1003-04 (7th Cir.1999) (pretrial detainees must be afforded procedural due process rights before being punished with disciplinary segregation). However, the Cook County Disciplinary Board Division 9 is not a suable entity and is dismissed as defendant. *Castillo v. Cook County Jail*, 990 F.2d 304, 307 (7th Cir. 1993) (neither the Cook County Jail, nor a division therein, is a suable entity).

     The United States Marshals Service is appointed to serve defendants, Cook County Sheriff Thomas J. Dart, Officer Galvez, Sergeant Ferris, C Plaxico, Lieutenant Martinez, and Lieutenant Dominguez. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, Stateville Correctional Center officials shall furnish the Marshal with defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     The court denies without prejudice plaintiff's motion for the appointment of counsel. Although a district court may, in its discretion, appoint counsel for any party unable to afford an attorney, plaintiff has not demonstrated that he has attempted unsuccessfully to retain counsel or that he was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and his complaint demonstrates his competence, at least at this point, to present his claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

     Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.