UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIBIANO FAVELA, ) | |
| ) | |
| Plaintiff, ) | 07 C 6823 |
| ) | |
| vs. ) | Honorable Judge |
| ) | Virginia Kendall |
| THOMAS J. DART, OFFICERS GALVEZ, ) | |
| SERGEANT FERRIS, SUPERINTENDENT ) | Magistrate Judge Denlow |
| C. PLAXICO, COOK COUNTY ) | |
| DISCIPLINARY BOARD DIVISION 9, ) | |
| LIEUTENANT MARTINEZ, ) | |
| LIEUTENANT DOMINGUEZ, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

NOW COMES the Defendants, Thomas Dart, Cook County Sheriff, Sgt. Ferris, Officer Galvez, Lt. Martinez, Lt. Dominguez and Superintendent Plaxico, through his attorney Richard A. Devine, through his assistant, Steven L. Satter, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (FRCP), state as follows:

## INTRODUCTION

Pro se Plaintiff, Bibiano Favela, brings this action apparently sounding in negligence regarding a disciplinary matter that allegedly occurred while he was a detainee at the Cook County Jail. Although Plaintiff has named individual officers as well as the Sheriff of Cook County as defendants, he fails to provide notice of the conduct that each defendant engaged in that would give rise to a federal claim.

1

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Supreme Court reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S.Ct. 1160, 1163 (1993). However, a court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim…" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Furthermore, it should be noted that "litigants" may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## ARGUMENT

**I.   PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM AGAINST COOK COUNTY SHERIFF THOMAS DART IN AN OFFICIAL CAPACITY.**

Plaintiff's Complaint contains absolutely no allegations of wrongdoing against Sheriff Sheahan, individually, or as a governmental entity, and thus, said defendant is entitled to dismissal as a matter of law. The United States Supreme Court established that actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*,

2

473 U.S. 159, 167 (1985). In fact, a review of the Complaint reveals that the Complaint does not allege a single fact against Sheriff Dart, individually, or in his official capacity, or against any member of the Cook County Sheriff's Office.

Plaintiff's Complaint fails to allege sufficient facts to support a cause of action against Dart as a government entity. With respect to suits brought against such governmental bodies, the threshold question is whether a municipal policy or custom was the "moving force" behind an alleged constitutional tort. *Bd. Of County Com'rs of Bryan County, Okl. v. Brown*, 117 S.Ct. 1382, 1388 (1997). In *Brown*, the Supreme Court reaffirmed its prior holding that "Plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct casual link between the municipal action and the deprivation of federal rights" *Id*.

It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless the plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official policy, custom or practice. *Monell v. Department of Social Services of the City of New York*, 98 S.Ct. 2018, 2036 (1978). Liability under Section 1983 must be premised on personal involvement in the deprivation of the constitutional right, not vicarious liability. *Id* at 2036.

The Seventh Circuit has set forth clearly what showing must be made by a plaintiff when bringing an action against a government entity in its "official capacity":

> The case law has identified three instances in which a municipality can be said to have involved the rights of a person because of its policy: (1) an express policy that, when enforced, caused a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking

3

authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).

Sheriff Dart acknowledges that the United States Supreme Court reaffirmed the Federal Rules liberal pleading standard in a civil rights action brought under 42 U.S.C. § 1983 in *Leatherman v. Tarrant Cty. Narcotics Unit*, 113 S.Ct. 1160 (1993). However, Plaintiff has not made even bare allegations of the existence of a policy or custom which caused his alleged injury, thus failing to state a cause of action the against the Cook County Sheriff or Department of Corrections, even under the *Leatherman* standard.

In the instant case, Plaintiff fails to make any allegations, whether boilerplate or otherwise, which implicates the Sheriff of Cook County in his Complaint. Plaintiff does not assert that a policy or custom existed which was the cause of the alleged constitutional violation committed against him, or that Sheriff Dart was responsible for instituting or endorsing such a policy. In the absence of such an assertion, Plaintiff's Complaint with respect to the Cook County Sheriff, Thomas Dart, must be dismissed as a matter of law.

II.  **PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM SUFFICIENT AGAINST DEFENDANT ANY OF THE INDIVIDUALLY NAMED DEFENDANTS.**

Defendants Sgt. Ferris, Officer Galvez, Lt. Martinez, Lt. Dominguez and Superintendent Plaxico, are employed by the Cook County Sheriff's Office as a correctional officers. Plaintiff's Complaint contains absolutely no viable allegations of wrongdoing with respect to any of the named Officers. There is not a single allegation in the Complaint tying any of the Defendants to any of the Plaintiff's apparent allegations. All that Plaintiff appears to allege is that he was subjected to disciplinary action in the

4

form of segregation. Plaintiff fails to state any basis against any of the named Defendants which would warrant their being held as Defendants in this cause of action. Consequently, Defendants respectfully submit that Plaintiff's Complaint against all of the Defendants

                                        Respectfully submitted,
                                        State's Attorney of Cook County

                          By:   /s/ Steven L. Satter
                                Steven L. Satter
                                Assistant State's Attorney

Steven L. Satter
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
(312) 603-5105