## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6823 | **DATE** | April 14, 2008 |
| **CASE TITLE** | Bibiano Favela (#2007-0012103) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Bibiano Favela's motions currently pending before the court [24], [25] are denied without prejudice. The clerk shall forward to plaintiff a form motion for the appointment of counsel. The court sets the following briefing schedule for defendants' motion to dismiss: plaintiff shall have until May 14, 2008, to submit a response to the motion to dismiss; if plaintiff files a response, defendants shall have until May 28, 2008, to file a reply. Ruling will be by mail. Failure by plaintiff to respond to the motion to dismiss may result in dismissal of this case.

■ [**For further details see text below.**]   Docketing to mail notices.

### STATEMENT

   Plaintiff, Bibiano Favela (#2007-0012103), currently incarcerated at Cook County Jail, has filed two motions with this court. Plaintiff's motion titled "Motion to Respondents Dismiss as a Defendant" [24] states that plaintiff seeks for this court to appoint him counsel. Plaintiff's motion titled "Motion to Respond [to] Defendants' Involvement in Lawsuit" [25] states that plaintiff has been stopped and disciplined on his way to the jail's library and that he was prevented from using the library. The court denies both motions without prejudice.

   With respect to the motion for the appointment of counsel, plaintiff has not demonstrated that he has attempted to obtain representation or that he was prevented from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, although plaintiff's current filings are somewhat confusing, his complaint sufficiently describes his claims and demonstrates that he is capable of proceeding with his case at this time. Plaintiff should be able to respond adequately to defendants' motion to dismiss, which essentially argues that plaintiff has not sufficiently alleged how each defendant is involved with plaintiff's claims or that there was a policy or custom to support a claim against the supervisory officials named as defendants. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). Should plaintiff again seek that this court appoint counsel, plaintiff should use this court's form motion for the appointment of counsel.

   With respect to plaintiff's complaints about being stopped by jail officials when trying to use the jail's library, an inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). That right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). Although the Cook County Jail should allow plaintiff reasonable access to the library for him to file a response to the pending motion to dismiss, the court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed. However, the court certifies that the above-captioned case is pending before this court and that jail officials should allow plaintiff reasonable access to the jail's library.

isk