

IN THE CIRUIT COURT OF COOK COUNTY ILLINOIS
CRIMINAL DIVISION

MAY 1 2 2008

# FILED

MAY 1 2 2008 *aew*
MAY 12 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

CASE: 07 C 6823
NUMBER

Kendall
Judge
PRESIDING

BIBIANO FAVELA

v

Thomas J Dart

MOTION TO RESPONSE Involvement
IN Lawsuit

Plaintiff, BIBIANO FAVELA  Pro hac Vice comes
and moves the Honorable Virginia M. Kendall in the
Courtroom and to further response there Involvement states
as follows

1. That undersigned constitute Amendment were
violated. Fourth and fourteeth Constitutional right,
deliberate indifference.

2. That based upon information and belief attached
throughout Cook County Jail custom or policy, involve
(defendant) Plaintiff Eigth Amendment constitutional
right were violated  Plaintiff is suing defendant
in his official, Personal and Individual capacities due
to excessive force used by (defendant) Tom Dart sheriff
of cook county.

3. That undersigned civil Amendment in Cook County
Jail hereby each defendant, is involved describes his
claims, demonstrates Involvement while in Sheriff
of Cook county Jail therein Confinement, unconstitutional,
(see exhibit A) Plaintiff mere existence reviewal,

4. That understanding policy herein effects right, with the day to day operation, under review.

5. That undersigned is not being dilatory in bringing this motion, and that said motion is brought in good faith.

WHEREFORE, the Plaintiff request that this Honorable Court grant the following relief: Judgement

a. Grant Plaintiff Emotional Pain and Anguish damages for (40) million dollars against defendant injunctive relief in his individual capacities and his official and Personal Capacities.

Grant any and other relief that the Court may deem necessary and just

b. Grant Plaintiff Punitive and Compensatory damages For (40) million dollars against defendant Injunctive relief in his Individual Capacities and his official and Personal Capacities.

Respectfully submitted

Bibiano Favela

BIBIANO FAVELA
2007-0012103
P.O. Box 089002
Chicago, IL 60608

May 1st 2008

Gerrylen Brown

Notary

OFFICIAL SEAL
GERRYLEN BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/22/10

# Cook County Department Of Corrections



# Rules and Regulations For Detainees

**Effective: July 2007**



## Orientation

Upon arrival to the Cook County Department of Corrections (CCDOC), each inmate will receive a written copy of the rules and regulations and an oral explanation of them. The CCDOC will also provide a written copy of the rules and regulations in any language used by a significant portion of the Department's inmate population.

A copy of the rules and regulations will also be posted in inmate areas throughout the CCDOC.

## General Rules

1. Inmates must lock up immediately when so ordered.
2. Inmates must be fully clothed when outside their cells.
3. Inmates may not wear or display any type of gang sign or symbol.
4. Inmates must sweep cells, make beds, and remove garbage from cells before each morning inspection.
5. Inmates must wet mop cells at least every other day before morning inspection.
6. Inmates may not attach objects to cell, living area walls, doors, windows, or lights. Doorways must be free from obstruction.
7. Inmates may not display nude pictures or photographs.
8. Privileges begin when living unit and cells pass morning inspections.
9. Inmates will be held responsible for all damage to CCDOC property.
10. Inmates must keep dayroom area clean.
11. Inmates must have permission to enter the exercise area or multipurpose room.
12. Inmates may enter the visiting booth only when they have a visit.
13. Inmates will not be loud, boisterous or disruptive.
14. Inmates must comply with orders and directions given by correctional personnel.
15. Inmates will remain silent when moved throughout the Department.
16. Inmates will not sit on stairs or tables in the living areas.
17. Inmates are required to maintain a level of personal hygiene consistent with group living.
18. Inmates will use the dayroom in accordance with the Living Unit Rotation Schedule.

## Rights and Responsibilities of CCDOC Inmates

1. Expect that as a human being all personnel will treat you respectfully, impartially and fairly.
2. Be informed of the rules and schedules concerning the operation of the Department.
3. Freedom of religious affiliation and voluntary religious worship.
4. Health care which includes nutritious meals, the opportunity to shower regularly, proper ventilation, a regular exercise period, toilet articles, medical and dental treatment.
5. Confidential access to the courts.
6. The right to consult with legal counsel by mail, telephone or personal interview.
7. Participate in the use of the law library reference materials to assist in resolving legal problems.
8. Right to receive help when it is available at the law library.
9. Clean and sanitary living conditions.

## Prevention/Self Protection from Sexual Abuse/Attack

You may avoid an attack by keeping the following safety guidelines in mind.

1. Position yourself in "Safe Zones" areas where you can see personnel and personnel can see you. If you are being pressured for sex, report it to any personnel immediately.
2. Be aware of situations that make you feel uncomfortable. Trust your instincts. **IF IT FEELS WRONG, LEAVE, GET HELP, OR CALL OUT FOR PERSONNEL.**
3. Don't let your manners or pride get in the way of keeping yourself safe. Don't be afraid to say "NO" or "STOP IT NOW."
4. Walk and stand with confidence. Many predators choose victims who look like they won't fight back or are emotionally weak.

## Reporting Sexual Abuse/Assault

Get to a safe place. **REPORT THE ATTACK TO PERSONNEL IMMEDIATELY.** The longer you wait, the more difficult it is to obtain the evidence necessary for a criminal and/or an administrative investigation. Request immediate medical attention; you may have serious injuries that you are not aware of, and any sexual contact can expose you to sexually transmitted diseases. Do not shower, brush your teeth if the (abuse/assault was oral), use the restroom, or change your clothes. You may destroy important evidence.

## Treatment and Counseling for Sexual Abuse/Assault Victims

Victims of sexual abuse/assault shall be given evaluations and treatment by medical personnel for any injuries inflicted by the abuse/assault. Victims may also receive counseling by psychiatric personnel.

## Disciplinary Procedures

Any inmate charged with the commission of any act(s), where an inmate may be subject to disciplinary segregation, is entitled to the due process procedures. Inmates will receive a copy of the four-part Disciplinary Report form stating the specific prohibited act(s) they are charged with and a brief statement of facts. Inmates will be entitled to a hearing and decision within seven (7) days excluding weekends and holidays. When an inmate is placed in disciplinary segregation before a disciplinary hearing is conducted, the Disciplinary Hearing Board will ensure that a hearing is completed within in 72 hours, including weekends and holidays. The Executive Director/designee may place an inmate under "administrative lock-up" pending a disciplinary hearing or further instructions. Any time spent in pre-hearing segregation will be credited against any subsequent disciplinary detention imposed.

An inmate charged with a rule violation will have the opportunity (but is not required) to be present, make a statement, present documentary evidence and call witnesses on his or her behalf when such witnesses are reasonably available and their presence is not deemed by the Hearing Board to be unduly hazardous to Departmental safety. The Disciplinary Hearing Board is empowered to impose appropriate sanctions when a charge is substantiated by information obtained in the hearing process.

Inmates have the right to appeal any decision of the Disciplinary Hearing Board by filing a written request with the Superintendent of the division in which the infraction took place. This appeal must be made within ten (10) working days from the date of being advised of the decision.

The divisional Superintendent may affirm or reverse the decision outright, return the decision back to the Hearing Board for further proceedings, or modify, but not increase the sanction imposed. A decision will be made within five (5) days, and a written copy of the decision will be provided to the inmate. The inmate will sign and date, indicating he or she has received notification of the appeal decision.

**THE COOK COUNTY DEPARTMENT OF CORRECTIONS DOES NOT TOLERATE CRIMINAL ACTIVITIES OF ANY KIND. THE POSSESSION OF CONTRABAND, ASSAULTS AGIANST PERSONNEL OR OTHER INMATES, AND DAMAGE TO COUNTY PROPERTY WILL BE REFERRED TO THE COOK COUNTY STATE'S ATTORNEY FOR CRIMINAL PROSECUTION.**

**Contraband**
Items in your possession that have not been provided or approved by the CCDOC will be considered contraband, confiscated and a disciplinary report will be written.

**Discipline Categories and Penalties**
If you are found guilty of any of the acts listed below by a Disciplinary Hearing Board, you may receive one or more of the following penalties: loss of work assignment, loss of good time, loss of commissary privileges, loss of visitation privileges, increase in security classification, financial restitution, or any combination of the above. When the charge of "Damaging or Altering Government Property" is sustained, the Disciplinary Hearing Board may reduce or increase the infraction category/charge depending on the amount of restitution that is required. For all other infractions the Disciplinary Hearing Board may reduce the category/charge during their deliberations, however the category/charge may not be increased.

| Category | Penalties |
|---|---|
| I | Verbal Warning to 4 days in Disciplinary. Segregation. |
| II | 5 to 9 days in Disciplinary Segregation |
| III | 10 to 14 days in Disciplinary Segregation |
| IV | 15 to 19 days in Disciplinary Segregation |
| V | 20 to 24 days in Disciplinary Segregation |
| VI | 25 to 60 days in Disciplinary Segregation |

**CATEGORY I**
101. Possession of excess of clothing and/or bedding.
102. Failure to keep cell clean.
103. Tattooing/possession of tattooing instruments.
104. Littering.
105. Affixing items to walls, light fixtures or windows.
106. Wearing headbands or head coverings without authorization.
107. Violation of dress code.
108. Storing drinks or foods other than those packaged foods purchased through commissary.
109. Failure to remain silent during inmate movement through the Department.
110. Verbally or physically demonstrating disrespect to personnel.
111. Possession of contraband.
112. Damaging or altering CCDOC property (restitution .01-50.00).

**CATEGORY II**
201. Use of obscene language to personnel and visitors.
202. Being in unauthorized area.
203. Presenting false information to sworn personnel.
204. Violation of safety or sanitation regulations.
205. Engaging in inappropriate physical contact.
206. Making sexual threats, proposals or gestures.
207. Committing any act that disrupts the orderly operation of the CCDOC.
208. Verbal threat to another person.
209. Possession of unauthorized medication.
210. Misuse of authorized medication.
211. Indecent exposure.
212. Possession and/or manufacture of unauthorized beverages (e.g. "hooch").
213. Possession of unauthorized monetary items (e.g. credit cards, money, checks, Etc).
214. Failure to stand for count or interfering with the taking of the count.
215. Violation of visiting regulations.
216. Violation of telephone or mail regulations.
217. Gambling.
218. Smoking.
219. Failure to comply with the Intake procedures.
220. Failure to follow the directions of Court Services Deputies while being moved to/from, or during judicial proceedings.
221. Possession of any tobacco or any tobacco related products (i.e. cigarette papers, lighters, matches, chewing tobacco, and any other related materials).
222. Damaging or altering CCDOC property (restitution 50.01-100.00).

**CATEGORY III**
300. Fighting.
301. Refusing an order to lock up.
302. Committing any act(s), which necessitates a security search by sworn personnel.
303. Damaging or altering CCDOC property (restitution 100.01-150.00).
304. Possession of stolen property.
305. Disobeying verbal or written orders from sworn personnel.
306. Sexual misconduct (voluntary).

**CATEGORY IV**
400. Possession of unauthorized clothing.
401. Committing any act that disrupts a judicial proceeding.
402. Throwing or projecting any item or substance.
403. Participating in any gang-related activity or communication.
404. Damaging or altering CCDOC property (restitution 150.01-200.00).

**CATEGORY V**
500. Theft.
501. Committing any act that requires sworn personnel to use force against an inmate.
502. Possession of counterfeit identification.
503. Committing any act that requires the use of force by Court Service Deputies while being moved to/from, or during a judicial proceeding.

**504**   Unauthorized possession of sworn personnel uniform(s) or equipment.
**505**   Damaging or altering CCDOC property (restitution 200.01-250.00).
**506**   Gang activity, participating in gang-related activity or communication.

## CATEGORY VI

**600**   Murder.
**601**   Assaulting any person.
**602**   Sexual abuse/assault.
**603**   Arson.
**604**   Possessing, manufacturing, introducing any weapon, ammunition, explosive caustic substance, dangerous chemicals, sharpened instruments or unauthorized tools, intoxicant, narcotic, paraphernalia, or drug not prescribed for the individual, or any other dangerous or deadly weapon or substance (e.g. homemade weapons or any sharp instrument such as scissors, fingernail files and all items identified as contraband.
**605**   Participating in riots.
**606**   Escape/escape attempt.
**607**   Battery.
**608**   Intimidation, extortion, blackmail, threats by words, action or other behavior.
**609**   Gang recruitment.
**610**   Attempting to commit any act listed in category VI, aiding and abetting any person in their commissions, planning to commit or soliciting to commit any offense will be considered the same commission as the act itself.
**611**   Participation in a disturbance requiring deployment of specialized units (i.e., K-9, ERT.).
**612**   Damaging or altering CCDOC property (restitution 250.01 and above).
**613**   Assault with a weapon on any person.

## Repeat Violations and Criminal Charges

Second or subsequent violations may be subject to the maximum number of days in the next highest category. Depending on the severity of the violation, criminal charges may be imposed pursuant to Illinois or Federal Law.

## Restitution

Inmates are held responsible for CCDOC property damaged or destroyed while in custody of the Sheriff of Cook County.

Inmates are required to pay for the repair; replacement and/or restoration of this property or any cost incurred by the Department (i.e. ambulance runs, overtime for sworn personnel, etc.) when it is determined by an official hearing board the inmate is responsible for the damages.

Upon a finding of GUILTY by the Disciplinary Hearing Board, the replacement cost of destroyed/damaged property and/or any cost incurred by the Department will be deducted from the inmate's trust account. In the event the funds in these accounts are not adequate to satisfy the replacement cost(s), an encumbrance will be placed on future monies received by the inmate until the financial obligation is satisfied.

Satisfaction of all claims will remain on file for seven (7) years, after the date of property destruction or damage. In the event an inmate is released (with an encumbrance and

subsequently re-incarcerated, required payment of the debt will remain active until satisfied).

## Grievances Guidelines

Inmates housed in the CCDOC may initiate written grievances regarding circumstance or action, which he/she feels may be discriminatory, oppressive or unjust. The following reasons are to be used as guidelines when determining when to file a grievance:

1.   Alleged violations of civil, constitutional or statutory rights.
2.   Alleged criminal or prohibited acts by personnel.
3.   Alleged violation of Department policy regarding the inmate's general welfare or safety.
4.   To resolve concerns within the facility that creates unsafe or unsanitary living conditions.
5.   To resolve issues related to an inmate's money, property, education and medical needs.

*Inmate Grievance Forms* will be available in all housing units. When forms are unavailable, grievances can be submitted on plain paper. Upon completion of the *Inmate Grievance Form*, sworn personnel will collect inmate grievances, Monday through Friday, in sealed grievance envelopes. These sealed envelopes will be delivered to the CRW in the respective division.

An independent appeal panel will review the inmate's appeal of the grievance findings.

1.   If an inmate wishes to appeal the grievance decision, he/she may seek review directly from the Appeal Panel within fourteen (14) days of his/her receipt of the decision. Such requests for appeal should be made by contacting the CRW or by forwarding the request to the sworn personnel during the grievance collection process.
2.   The Appeal Panel will investigate each grievance as well as review the inmate's basis for an appeal. The Appeal Panel will accept or deny the appeal request and notate a response. If the appeal request is declined, the grievance process for the stated issue is completed. If the appeal request is accepted, the recommendation will be forwarded to the Executive Director/Designee for approval, denial and/or action. The Appeal Board's response will be forwarded to the inmate within 10 days of the appeal review date.

It should be noted that grievances <u>cannot</u> be initiated regarding findings of the Disciplinary Hearing Board, including restitution amounts. An appeal of the Board's findings regarding imposed discipline will be made directly to the division Superintendent/Designee. All administrative decisions that effect the inmate's rights and welfare can be grieved, with the exception of Disciplinary Hearing Board decisions.

Please be reminded and assured that when the grievance is received in a sealed envelope during the collection process, the procedure is confidential, and the only authorized person to receive, process and forward the grievance is the CRW assigned to the division where the inmate is housed.

*Emergency Grievances* are those involving an immediate threat to the welfare or safety of an inmate. All emergency grievances placed in a sealed envelope must be clearly labeled **"EMERGENCY GRIEVANCE"**. The Correctional Officer assigned to the living unit will contact a Supervisor/Shift Commander who will deliver the grievance to a CRW for review and processing.

## Program, Services and Information "Request" Procedure

The programs and services described below are available to all inmate of the CCDOC, except where indicated. In most instances a *Inmate Request Form* indicating a request for information or to participate in these programs should be filled out by the inmate and given to the Correctional Officer assigned to the living unit. The inmate may also submit the request form to the CRW. The CRW will respond to and/or refer each request to the appropriate Department.

Please note:  Request for Medical, Dental and Mental Health related services should be on the Health Care Request Form and not the CCDOC request form.

## Health Services

Cermak Health Services of Cook County, an affiliate of the Cook County Bureau of Health Services, provides on site medical, dental and mental health services. Hospitalization and specialized medical services are arranged with other Bureau affiliates (Stroger, Oak Forest and Provident Hospitals). Cermak Health Services will provide medical services for inmates on intake.

Inmate can fill out a Health Services Request Form to request healthcare services. This form is available from the Cermak personnel or it can be found in the housing area on the wall mounted black painted container marked "Health Request Box." After the form is filled out it is to be put inside this container.

## Social Services

Correctional Rehabilitation Workers (CRWs) are available to aid in requests for information, process referrals and seek resolution of inmate complaints, grievances, and ongoing concerns. CRW's are assigned in each division and will provide information/services Monday thru Friday, excluding government holidays.  They also act as the inmate's link with families, friends and other various outside agencies. CRWs may assist in arranging emergency phone calls. Pre-paid stamped envelopes may be given to indigent inmates when available. Issues regarding money, the release of personal property and documents requiring a inmate's signature will also be handled by the CRW.

## Law Library Services

All inmates housed in the CCDOC will have access to legal information related to their case(s). Law libraries located throughout the Department are made available for this purpose.

Law Library Services are available twice daily, Monday thru Friday for researching criminal and civil matters. Law Library sessions will be, at minimum, one hour and a half. *Inmate Request Forms* must be utilized for accessing each session. Access requests will be limited to

one session per day, once per week. The request forms will be forwarded to the Law Library for scheduling.

1. Inmates with court orders that stipulate Law Library access, and those inmates who act as their own attorney, will be allowed access according to the provisions of the court order.
2. Inmates that have pending court dates; with the closest upcoming court date will be allowed access.

Photocopies and assistance with postage for legal mail is available to the inmate; however if the inmate is indigent these services will be provided without cost. Please see the Law Library personnel for guidelines and limitations.

## Religious Services

Religious volunteers provide spiritual guidance, bible studies, Holy Day observation programs and worship services for many denominations on a regular basis. In addition, chaplains provide individual counseling.

## Educational Programs

Eligible inmates from 17 to 21 years of age may enroll in the Chicago Public School/York Alternative High School. Inmates may work toward achieving a G.E.D. and/or classroom credits. This program is available to all inmates in every security classification. If more information is needed, please submit an *Inmate Request Form*. The CRW will refer all requests directly to the designated school representative.

Programmed Activities for Correctional Education (PACE) is a non-profit educational program available to inmates of any age. This program offers literacy education, volunteer tutorials and G.E.D. preparations. In addition, individual and group educational counseling is available. This program is not open to all inmates, more information can to obtain from the CRW.

City Colleges of Chicago provides G.E.D. preparation instruction to inmates 22 years of age and older. This program is not open to all inmates; more information can be obtained from the CRW.

## Substance Abuse Treatment

Inmates who desire to begin a treatment program for substance abuse should complete an *Inmate Request Form*. All requests will be forwarded to a Drug Unit Coordinator for review and consideration. Participation in this program is limited to space availability and security classification requirements.

## Sheriff's Female Furlough Program (SFFP)

SFFP combines the use of electronic monitoring devices and components of daytime programming to provide selected participants with a maximum level of supervision as well as the opportunity to participate in life skills programming.

## Administrative Mandatory Furlough (AMF)

When the AMF program is being utilized, inmates are automatically screened for eligibility. Inmates that meet eligibility requirements may be released on AMF. If incarceration or case information has changed after intake, inmates can submit a request for reconsideration.

The CRW will forward this request to the Classification Department for review and consideration.

### Electronic Monitoring (EM)

Upon entry into the CCDOC, all inmates are automatically screened for eligibility. Inmates that meet eligibility requirements may be release on EM. If incarceration or case information has changed after intake, inmates can submit a request for reconsideration. The CRW will forward this request to DCSI for review and/or response.

### Department of Community Intervention and Supervision (DCSI)/Day Reporting

Inmates participating in the EM program are automatically screened for eligibility. Inmates that meet requirements may be released on Day Reporting.

### Chicago Legal Aid to Incarcerated Mothers (CLAIM)

A non-profit agency that provides free legal services to incarcerated mothers to help benefit their children and families.

### My Sister's Keeper

A complete after-care program that assists women who have been recently released from the correctional system in the following areas: educational referral, shelter care, self-esteem and family/individual counseling.

### Veterans Assistance

A representative from the Veterans Administration is available to provide information and assistance to inmates regarding healthcare, housing, education and many ongoing basic needs.

### General Library

Facilities for general reading and participation in the Clarence Darrow Art Program are available to inmates. For additional information, please submit an *Inmate Request Form* to the CRW.

### Marriages

Inmates may get married while in CCDOC custody. A presiding judge from the Criminal Courts will establish the marriage date(s) and notify the CCDOC and inmates accordingly. CCDOC Program Services personnel will assist the inmate and fiancé with procedural information and required documentation. Additional information can be obtained by submitting an *Inmate Request Form* to the CRW.

### Voter Registration and Absentee Balloting

Pre-trial inmates who are residents of Cook County will be able to register to vote and cast absentee ballots in elections while they are incarcerated. The Chicago Board of Elections and/or the Cook County Board of Elections will make eligibility requirements available. All elections are held under the supervision of a representative of the Board of Election Commissioners.

### Minors

Individuals who are under the age of 17 and incarcerated in the CCDOC should immediately notify sworn personnel and/or the CRW. The CCDOC will begin an age verification and/or custody transfer process.

### Personal Hygiene

All inmates are expected to maintain personal body cleanliness. Showers are located in the housing areas for inmate use. Upon intake, inmates will be issued a uniform, soap, toothpaste, toothbrush and linens. Personal care and hygiene items are available through the commissary.

### Laundry

Inmates will be given the opportunity to exchange linen and uniforms on a weekly basis.

### Barber/Beauty Shop

All inmates have routine access to barber/beauty shop services that are provided and scheduled in each division.

### Meals

The CCDOC serves three (3) meals a day. Special diets may be approved upon written request, and are available.

### Commissary

Sells a variety of food and personal hygiene products to inmates that have unencumbered funds in their trust account. Commissary is available weekly according to schedules posted in each division. The weekly spending limit is $100.00. The Executive Director/designee will determine adjustments to this amount.

### Trust Department

Holds funds for inmates while they are incarcerated at the CCDOC. Any money in the possession of the inmate when they enter the CCDOC is deposited in an account bearing the name and identification number of the inmate. After arrival, the only authorized means of receiving funds from the outside is in the form of money orders, cashier's check and certified checks, and must be sent by mail. Personal checks are not accepted. All money orders, etc., must bear the inmate's name and identification number and not exceed $100.00 at any one (1) time. Ten (10) business days are required before these funds can be used for any purpose other than commissary. Western Union and Money Gram can be utilized to transfer funds to the CCDOC. Please contact the CRW for information.

### Mail

Inmates will be permitted to receive mail while incarcerated, provided that, at the time of admission to the Department, each inmate had given their consent for designated CCDOC personnel to open and inspect incoming mail in accordance with CCDOC regulations and relevant laws. If an inmate does not give their consent to such inspection, all mail addressed to the individual will be returned to the Post Office unopened and marked "Refused". Outgoing mail may be opened, read or censored. Inmates shall submit all outgoing non-privileged mail in unsealed envelopes. Any incoming mail that does not clearly identify the addressee (including the complete and correct inmate number) will be returned. All incoming and outgoing mail must have complete information from sender and addressee. Outgoing mail should have the following information in the return address corner:

Inmate's Name _____ ID # _____
Division _____ Wing/Cell _____
P.O. Box 089002
Chicago, Illinois 60608

Incoming mail should have the following information:

Sender's Full Name
Sender's Full Address
Sender's Zip Code

Inmates Name _____ ID # _____
Division _____ Wing/Cell _____
P.O. Box 089002
Chicago, Illinois 60608

## Telephones

Telephones are located in living units. Inmates will share the use of telephones in the living unit. Telephones will not accept incoming calls. Telephone privileges will begin after the living unit passes daily inspection. Inmates are permitted to use the telephone whenever they are in the dayroom. Outgoing telephone calls will be billed as collect calls. If the person being called accepts the call, they will be charged for the call. Telephone calls will have a time frame being a minimum of five (5) minutes and a maximum of fifteen (15) minutes per call. After 15 minutes, the call will be cut off by the telephone system. Abuse or illegal use of the telephone privileges may result in the loss of privileges, disciplinary action or criminal charges.

## Personal Property

At discharge the inmate shall present himself or herself to the Property Office with valid picture identification. The Property Office remains open 24 hours a day. No money can be given without picture identification. Release of funds cannot be processed until the Commissary Department confirms all payments have been cleared. No cash payouts will be made. Checks will be issued for remaining account balances. Upon the request of an inmate, CRW's will assist in the release of money to another individual or agency. The receiving party must have picture identification and the inmate's property receipt. Items on receipt will be stored for a maximum of ninety (90) days from the discharge date. All property not returned to the inmate or released to another individual within the ninety (90) days from the discharge date will be disposed of. Upon the request of the inmate, CRW's will assist in the release of personal property to another individual or agency. The inmate will sign a release form identifying the name and address of the person authorized to receive the property. The receiving party must have picture identification.

## Bonding Office

The Bond Office is open from **9:00 a.m. – 9:00 p.m.**, three hundred and sixty-five (365) days per year and accepts payment by cash, cashier's check, certified checks or credit card. The bond clerk must verify cashier and certified checks with the bank. Checks are to be made payable to: **Clerk of the Circuit Court.** Credit Cards will be accepted in accordance with the guidelines set by the Circuit Court of Cook County.

## Internal Investigations

Internal Affairs Department (IAD) will investigate any threat of harm committed against inmates, or CCDOC personnel or any criminal offenses, disturbances or threats to the order and welfare of the CCDOC thoroughly and confidentially.

## Fire Drills

Fire drills are conducted periodically. Inmates are expected to move promptly in an orderly fashion during such drills and to follow the directives of sworn personnel. In the event of a Department evacuation or emergency, follow all directions by sworn personnel while maintaining silence and order. Exit signs are located throughout the Department to assist in the evacuation of personnel and inmates during an emergency.

## Family Contact Information

Inmate's next of kin or other designated individual(s) shall be notified in case of death or serious illness. This information shall be obtained from the inmate at the time of admission and maintained in the inmate's central file.

## Wake Orders

Wake Orders for inmates will be executed according to Departmental policy and procedures. Any costs incurred by the Department for the wake order may be deducted from the inmate's Trust Account. If the inmate is indigent the costs may be deducted from the Inmate Welfare Fund.

## Visitation

All persons entering or exiting the CCDOC will be required to produce one (1) valid government picture identification which will include: Driver's License, State Identification card, Passport, etc. If a government ID in not available, a combination of the following are acceptable: Public Aid card accompanied by Medical card and/or Voter's Registration card. No one under the age of 17 years of age will be allowed to enter unless accompanied by an adult. All bags and containers will be searched for contraband before the visitor is permitted to enter the CCDOC. All visitors will be subject to search under existing Departmental guidelines.

**Any visitor attempting to introduce contraband into the CCDOC will be subject to criminal prosecution under existing Illinois Compiled Statues Code 720.ILCS 5/31 A.1.**

For inmate information regarding the visitation schedule and visitation procedures, please call 1-773-869-5245.

## Department Location

The Cook County Department of Corrections is accessible by several bus lines operated by the Chicago Transit Authority. Persons interested in transportation information and/or directions to the CCDOC can contact the Regional Transportation Authority for specific routes and schedule times.

The Cook County Department of Corrections is located at **2700 S. California Avenue, Chicago, Illinois 60608** in the **County of Cook.**

**NOTE: All of the above rules and regulations are subject to change to ensure the safety and security of the Department as determined by the Sheriff of Cook County or Designee.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AUTHORIZED BY:**

7/27/07

**EXECUTIVE DIRECTOR SALVADOR GODINEZ. – DATE**

# STATE OF ILLINOIS



# NOTICE OF RIGHTS OF PERSONS UNDER ARREST

DEPARTMENT OF CORRECTIONS

# ILLINOIS CODE OF CRIMINAL PROCEDURE - 725 ILCS 5/

JAIL AND DETENTION STANDARDS

## ARTICLE 103. RIGHTS OF ACCUSED - Sec. 103-2. - Treatment while in custody.

(a) On being taken into custody every person shall have the right to remain silent.

(b) No unlawful means of any kind shall be used to obtain a statement, admission or confession from any person in custody.

(c) Persons in custody shall be treated humanely and provided with proper food, shelter and, if required, medical treatment.

*Source: Laws 1963, p. 2836.*

## Sec. 103-3. - Right to communicate with attorney and family; transfers.

(a) Persons who are arrested shall have the right to communicate with an attorney of their choice and a member of their family by making a reasonable number of telephone calls or in any other reasonable manner. Such communication shall be permitted within a reasonable time after arrival at the first place of custody.

(b) In the event the accused is transferred to a new place of custody his right to communicate with an attorney and a member of his family is renewed.

*Source: Laws 1963, p. 2836.*

## Sec. 103-4. - Right to consult with attorney.

Any person committed, imprisoned or restrained of his liberty for any cause whatever and whether or not such person is charged with an offense shall, except in cases of imminent danger of escape, be allowed to consult with any licensed attorney at law of this State whom such person may desire to see or consult, alone and in private at the place of custody, as many times and for such period each time as is reasonable. When any such person is about to be moved beyond the limits of this State under any pretense whatever the person to be moved shall be entitled to a reasonable delay for the purpose of obtaining counsel and of availing himself of the laws of this State for the security of personal liberty.

*Source: Laws 1963, p. 2836.*

## ARTICLE 109. - PRELIMINARY EXAMINATION - Sec. 109-1. Person arrested.

*(Source: P.A. 90-140, eff. 1-1-98.)*

(a) A person arrested with or without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county, except when such county is a participant in a regional jail authority, in which event such person may be taken to the nearest and most accessible judge of the county where such judge presides, and a charge shall be filed. Whenever a person arrested either with or without a warrant is required to be taken before a judge, a charge may be filed against such person by way of a two-way closed circuit television system, except that a hearing to deny bail to the defendant may not be conducted by way of closed circuit television.

(b) The judge shall:

(1) Inform the defendant of the charge against him and shall provide him with a copy of the charge.

(2) Advise the defendant of his right to counsel and if indigent shall appoint a public defender or licensed attorney at law of this State to represent him in accordance with the provisions of Section 113-3 of this Code.

(3) Schedule a preliminary hearing in appropriate cases; and

(4) Admit the defendant to bail in accordance with the provisions of Article 110 of this Code.

(c) The court may issue an order of protection in accordance with the provisions of Article 112A of this Code.

*Source: P.A. 89-377, eff. 8-18-95.*

## ARTICLE 110. BAIL - Sec. 110-2. - Release on own recognizance.

When from all the circumstances the court is of the opinion that the defendant will appear as required either before or after conviction and the defendant will not pose a danger to any person or the community and that the defendant will comply with all conditions of bond, which include the defendant's current address with a written admonishment to the defendant that he or she must comply with the provisions of Section 110-12 of this Code regarding any change in his or her address, the defendant may be released on his or her own recognizance. The defendant's address shall at all times remain a matter of record with the clerk of the court. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in Section 32-10 of the "Criminal Code of 1961", approved July 28, 1961, as heretofore and hereafter amended, for violation of the bail bond, and, any obligated sum fixed in the recognizance shall be forfeited and collected in accordance with subsection (g) of Section 110-7 of this Code.

This Section shall be liberally construed to effectuate the purpose of relying upon contempt of court proceedings or criminal sanctions instead of financial loss to assure the appearance of the defendant, and that the defendant will not pose a danger to any person or the community and that the defendant will comply with all conditions of bond. Monetary bail should be set only when it is determined that no other conditions of release will reasonably assure the defendant's appearance in court, that the defendant does not present a danger to any person or the community and that the defendant will comply with all conditions of bond.

The State may appeal any order permitting release by personal recognizance.

## Sec. 110-4. - Bailable Offenses.

(Source: P.A. 91-11, eff. 6-4-99.)

(a) All persons shall be bailable before conviction, except the following offenses where the proof is evident or the presumption great that the defendant is guilty of the offense: capital offenses; offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction; felony offenses for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction, where the court after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person or persons; stalking or aggravated stalking, where the court, after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of the alleged victim of the offense and denial of bail is necessary to prevent fulfillment of the threat upon which the charge is based; or unlawful use of weapons in violation of item (4) of subsection (a) of Section 24-1 of the Criminal Code of 1961 when that offense occurred in a school or in any conveyance owned, leased, or contracted by a school to transport students to or from school or a school-related activity, or on any public way within 1,000 feet of real property comprising any school, where the court, after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person and present threat to the physical safety of any person and denial of bail is necessary to prevent fulfillment of that threat.

(b) A person seeking release on bail who is charged with a capital offense or an offense for which a sentence of life imprisonment may be imposed shall not be bailable until a hearing is held wherein such person has the burden of demonstrating that the proof of his guilt is not evident and the presumption is not great.

(c) Where it is alleged that bail should be denied to a person upon the grounds that the person presents a real and present threat to the physical safety of any person or persons, the burden of proof of such allegations shall be upon the State.

(d) When it is alleged that bail should be denied to a person charged with stalking or aggravated stalking upon the grounds set forth in Section 110-6.3 of this Code, the burden of proof of those allegations shall be upon the State.

## Sec. 110-7. - Deposit of Bail Security.

(a) The person for whom bail has been set shall execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10% of the bail, but in no event shall such deposit be less than $25. The clerk of the court shall provide a space on each form for a person other than the accused who has provided the money for the posting of bail to so indicate and a space signed by an accused who has executed the bail bond indicating whether a person other than the accused has provided the money for the posting of bail. The form shall also include a written notice to such person who has provided the defendant with the money for the posting of bail indicating that the bail may be used to pay costs, attorney's fees, fines, or other purposes authorized by the court and if the defendant fails to comply with the conditions of the bail bond, the court shall enter an order declaring the bail to be forfeited. The written notice must be: (1) distinguishable from the surrounding text; (2) in bold type or underscored; and (3) in a type size at least 2 points larger than the surrounding type. When a person for whom bail has been set is charged with an offense under the "Illinois Controlled Substances Act" which is a Class X felony, the court may require the defendant to deposit a sum equal to 100% of the bail. Where any person is charged with a forcible felony while free on bail and is the subject of proceedings under Section 109-3 of this Code the judge conducting the preliminary examination may also conduct a hearing upon the application of the State pursuant to the provisions of Section 110-6 of this Code to increase or revoke the bail for that person's prior alleged offense.

(b) Upon depositing this sum and any bond fee authorized by law, the person shall be released from custody subject to the conditions of the bail bond.

(Source: P.A. 91-589, eff. 1-1-00.)

## ARTICLE 113. ARRAIGNMENT - Sec. 113-3. - Counsel and Expert Witness

(a) Every person charged with an offense shall be allowed counsel before pleading to the charge. If the defendant desires counsel and has been unable to obtain same before arraignment the court shall recess court or continue the cause for a reasonable time to permit defendant to obtain counsel and consult with him before pleading to the charge. If the accused is a dissolved corporation, and is not represented by counsel, the court may, in the interest of justice, appoint as counsel a licensed attorney of this State.

(b) In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. If there is no Public Defender in the county or if the defendant requests counsel other than the Public Defender and the court finds that the rights of the defendant will be prejudiced by the appointment of the Public Defender, the court shall appoint as counsel a licensed attorney at law of this State, except that in a county having a population of 2,000,000 or more the Public Defender shall be appointed as counsel in all misdemeanor cases where the defendant is indigent and desires counsel unless the case involves multiple defendants, in which case the court may appoint counsel other than the Public Defender for the additional defendants. The court shall require an affidavit signed by any defendant who requests court-appointed counsel. Such affidavit shall be in the form established by the Supreme Court containing sufficient information to ascertain the assets and liabilities of that defendant. The Court may direct the Clerk of the Circuit Court to assist the defendant in the completion of the affidavit. Any person who knowingly files such affidavit containing false information concerning his assets and liabilities shall be liable to the county where the case, in which such false affidavit is filed, is pending for the reasonable value of the services rendered by the public defender or other court-appointed counsel in the case to the extent that such services were unjustly or falsely procured.

Plaintiff 6th Amendment Constitutional Rights violating by defendant Thomas J. Dart Causing him severe bodily, Pain and suffering Plaintiff is suing defendants officers Galvez Superintendent C. PLAXICO Lieutenant Martinez Sergent Ferris Lieutenant Dominguez his Personal, Individual and official capacities due to excessive force used by defendant Thomas J Dart Plaintiff is suing defendant Sheriff of Cook County Thomas J Dart in his official Personal and Individual capacities used by thomas J Dart Sheriff of Cook County

# Relief Sought

Grant Plaintiff Emotional Pain and Anguish damages for (75) million Dollars against defendant Injunctive relief in his Individual Capacities and his Official and Personal Capacities

Grant any and other relief that the court may deem necessary and just

Grant Plaintiff Punitive and Compensatory damages for (75) million dollars against defendant in his Injunctive relief in his Individual Capacities and his Official and Personal Capacities

# Certificate of SERVICE

I, BIBIANO FAVELA, swear under penalty of perjury that I served a copy of the attached document on Steven L. Statter 500 RICHARD J. Daley Center Chicago, IL 60602, by placing it in the mail at the Cook County Sheriff Correctional center on May 7, 2008 bearing sufficient postage.

Bibiano Favela

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
CRIMINAL DIVSION

CACE NUMBER: 07 C 6823

BIBIANO FAVELA

V

Thomas J Dart

## NOTICE OF MOTION

TO: CLERK'S OFFICE
219 SOUTH DEARBORN Street
Chicago, ILLINOIS 60604

PLEASE TAKE NOTICE that on May day of 7, 2008
I have caused to be filed with the clerk of the
Circuit court of Cook county in the courtroom
of the above named judge the hereto attached
documents entitled MOTION to RESPOND
defendant's involvement IN Lawsuit. MOTION TO
RESPONDENTS DISSMISS AS A DEFENDANT. MOTION TO
RESPOND INVOLVEMENT IN LAWSUIT. RESPECTFULLY Submitted
Bibiano Favela
2007-0012103

# Certificate of Service

I, BIBIANO FAVELA, swear under penalty of perjury that I served a copy of the attached document on Clerk's Office U.S. District Court 219 South Dearborn Street Chicago ILLINOIS 60604, by placing it in the mail at the Cook County Sheriff Correctional Center on May 7, 2008 bearing sufficient postage.

Bibiano Favela

COUNTY OF COOK

IN THE CIRUIT COURT OF COOK COUNTY, ILLINOIS
CRIMINAL DIVISION

BIBIANO FAVELA
PLAINTIFF

CASE Kendall
NO. 07 C 6823    Trial Judge

✓

Thomas J Dort, et al
Defendant

MOTION TO RESPONDENTS'
DISSMISS AS A DEFENDANT

**RECEIVED**

MAR 31 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOW COMES Movant, BIBIANO FAVELA, filing, Pro se, and moves this response by
honorable Court Pursuant Provideink that MOTION To DissMiss
AS A defendant enter AN order. That the claiment
be represent by APPOINTMENT of Counsel and Submit he
further response.

PLAINTIFF STATES AS follow

That the COUNTY OF Cook IS SIMPLY A Subdivision of STATE.

People of the state of ILLINOIS Goverment Judiciary BRANCH
Subdivision of Cook County Sheriff.

The GoverNMENT of ILLINOIS IS a state agency affiliate
SHERIFF CorrectioNAL department

Cook County Department of Corrections

SHERIFF Cook County Department of Corrections

SHERIFF Cook County Department of Corrections department

Bureau affiliates

Sought in Providing relief

Cook County is the 1st District ILLINOIS Jurdiciary Court.

People of the STATE of ILLINOIS Goverment Judiciary Branch, subdivision of ILLINOIS

and SHERIFF of Cook County By and through STATE Court.

Wherefore Plaintiff now moves this Honorable Court to GRANT this timely filed MOTION in regards to the Aministation of fair and impartial Justice in this the STATE of ILLINOIS.

Respectfully Submitted,

Biliano Favela

MOVANT

SIGNED AND SWORN BEFORE ME This MARCH DAY of 26 2008

May 1st 2008

NOTARY PUBLIC

OFFICIAL SEAL
GERRYLEN BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/22/10

COUNTY OF COOK

IN THE CIRUIT COURT OF COOK COUNTY, ILLINOIS
CRIMINAL DIVISION

BIBIANO FAVELA
PLAINTIFF,

V

**RECEIVED**

MAR 3 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Kendall
TRIAL Judge

CASE
NO. 07C6823

Thomas J. Dart, et al.
Defendants

MOTION TO RESPOND DEFENDANTS —
INVOLVEMENT in lawsuit

Now COMES Movant, BIBIANO FAVELA, filing, Pro se, Pro hac vice
and moves this Honorable Court to further response to
defendants.

PLAINTIFF STATES AS follow:

IN Summary I was in living Unit 3B housed in department
building division TEN MAXIMUM security. Was told by Correctional
Officer TApiA I was to be in law library per request Corrections
department (CCDOC). I was then givin my personnal identification
card and placed in hallway for session of law library. While housed
as a pre-trail detainee I was escorted out of living unit with
belonging a legal folder and placed in hallway. I was stopped on 2nd
floor hallway by Correctional Officer. I was stopped pattddown on 2nd
floor hallway, I had a legal folder that was throughly searched by
Correctional officer paper by paper throughly. Unconstitutional invasion
of privacy ei (unreasonable search, patted down, FETTET)
Violated U.S. Constitution Amendment four and Amendment EIGHT

my legal folder was confiscated. I was placed in handcuff by Sheriff Correctional officer and escorted to intake by 8853 GALVEZ. I was placed in holding bull pen. I was further interrogated by Sheriff Correctional officers (#143, #1036 and #14 Superintendent) and placed under further investigation. I was asked to move to interrogation room. I was asked their questions. I was asked if I was in possession of confiscated evidence and I told them I preferred to remain silent. I was in presence of Superintendent C. PLAXICO Investigating infraction (incident) I was in Superintendent office room and was escorted to holding bull pen. Their Lieutenant Dominguez asked in presence of Sergeant Ferris more questions and what not about report. I was delivered disciplinary report by 1036 Ferris I was transferred to nine to report to disciplinary segregation. I was asked if I was going to sign infraction report I nodded head. I was escorted to living unit to grab other Belonging (personal care and hygiene) item with correctional officer escort to living unit and out Living unit (3B) arrived to basement placed all belonging onto basement carried by me to where I was transferred out of Building Ten maximum security. Never to return until disciplinary hearing board department ensure prohibited acts charged with incomply with department policy are appropriate sanction while incarcerated. Was housed in living Unit 2E division NINE while board deliberate. Time spent in pre-hearing segregation while incarcerated entitled pre-trail detainee the due process procedures subject to Specified segregation. I was placed in disciplinary Segregation before a disciplinary hearing process was conducted. Disciplinary board employe Lieutenant Martinez

was disciplinary hearing board-employe who asked
about incident and regards on or about date. Report Infraction
testimony. Detainee was confined in division nine. 8-31-07 Entitled
to ten days imposed sanction by information obtained in hearing. Prior
subsequent confine disciplinary detention. Presently incarcerated and is
awaiting trail in Cook County SHERIFF Correctional department (CCDOC)
custodial sheriff Thomas J Dart, custody see lawsuit attached

  Wherefore Plaintiff now moves this Honorable Court to
grant this timely filed motion in regards to the Aministation
of fair and impartial Justice in this the STATE OF ILLINOIS

Respectfully Submitted,

Bibiana Favela
MOVANT

SIGNED AND SWORN BEFORE ME This March DAY OF 26  2008

NOTARY PUBLIC
MY COMMISSION EXPIRES:

May   1 St 2008
Month   Day   Year

OFFICIAL SEAL
GERRYLEN BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/22/10