# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6823 | **DATE** | June 10, 2008 |
| **CASE TITLE** | Bibiano Favela (#2007-0012103) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Bibiano Favela's currently pending motions [32], [35], [36] are denied. Plaintiff is given an additional 30 days from the date of this order to file a response to defendants' motion to dismiss. Failure to file a response may result in dismissal of this case. Defendants shall have 14 days from the date plaintiff files a response to file a reply. The clerk shall forward a copy of the motion to dismiss [29] to plaintiff.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff Bibliano Favela, currently confined at Cook County Jail, filed a civil rights complaint alleging that he received a ticket for a disciplinary violation on August 31, 2007, that he did not receive a hearing until September 5, 2007, and that he remained in administrative segregation 15 days beyond the 10-day penalty period imposed. Plaintiff named as defendants Cook County Sheriff Tom Dart and Cook County Jail officers Galvez, Ferris, Plaxico, Martinez, and Dominguez. The defendants have filed a motion to dismiss, arguing that plaintiff does not allege how the defendants were involved with the events that are the subject plaintiff's claims.

Plaintiff's current pleadings, "Motion to Response Involvement in Lawsuit" and "Motion for Respondents Involved," do not respond to the defendants' motion, but rather, refer the court to the jail's rules and regulations applicable to detainees. Plaintiff is given one more opportunity to respond to defendants' motion to dismiss, and he should file a response within 30 days of the date of this order. Plaintiff should state how each defendant was involved, or state which defendants were involved, with the disciplinary actions taken against plaintiff in August and September 2007. Failure to file a response within 30 days may result in dismissal of this case.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Again, plaintiff has not demonstrated that he has attempted to obtain representation or that he was prevented from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, plaintiff's case at the present time does not involve complex issues or discovery. Although plaintiff's pleadings do not address the issues raised in the defendants' motion to dismiss, his complaint and pleadings demonstrate that he should be able to respond adequately to the defendants' motion to dismiss. Accordingly, the motion for counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

isk